SETTLEMENT AGREEMENT

This Agreement is made and entered into this _____ day of September, 2010 between the individual Plaintiffs Kenneth Benting, John Cushing, Joseph Davis, Kenneth Donaghey, George Doucette, Jon Healy, Steven Jackman, Jeffrey Jacobson, David Kean, Shane McMahon, Harry Merritt, William Milne, Truong Nguyen, Jeanne Payne, Gary Plunkett, Michael Ryan, Robert Silva, Sr., Jeff Simpson, Stephen Sweeney, and Dennis Weber (hereinafter, "Plaintiffs") and the Defendant Town of Norwell.

WHEREAS, the Plaintiffs have filed a civil action in the United States District Court for the District of Massachusetts, sitting in Boston which has been docketed as Civil Action No. 10-10334-RWZ (hereinafter "Pending Action");

WHEREAS, the Plaintiffs, who are firefighters, have brought the civil action alleging that they have worked certain hours for which they were not properly compensated under the terms of the Fair Labor Standards Act (FLSA), 29 U.S.C. sections 207 (a) and (e) because their regular rate of pay was improperly calculated, resulting in the underpayment of overtime compensation to them;

WHEREAS, the Plaintiffs and Defendant wish to avoid the time, expense, inconvenience and uncertainties of litigation and believe that continued litigation with respect to the issues involved is contrary to the best interests of the parties; therefore, by this Settlement Agreement agree to settle and compromise fully and finally any and all claims by the Plaintiffs against the Defendant as stated in the complaint filed in the Pending Action;

NOW THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged and subject to the approval of the United States District Court, the Pending Action shall be dismissed with prejudice and in accordance with the terms and conditions set forth herein.

It is hereby agreed:

1.   **Consideration:**

(a)   The Defendant agrees that beginning with July 1, 2008 and prospectively it shall calculate the regular rate due the Plaintiffs as that term is defined by the FLSA to include the educational stipend, longevity stipend and EMT stipend paid to firefighters in the Town of Norwell.

(b)     The Defendant agrees that beginning with July 1, 2008 it shall compute the total number of hours worked by the Plaintiffs and allocate those hours worked into twenty eight (28) day work periods as set out in Article X of the collective bargaining agreement between the Norwell Firefighters Union, Local 2700 and the Town of Norwell. Hours worked shall not include sick leave, vacation swaps, personal leave, bereavement leave, line of duty injury leave, other paid leave and time not worked.

(c)     The Defendant shall pay each Plaintiff the difference between the overtime pay actually paid to Plaintiffs and the amount that would have been paid to the Plaintiffs for all hours worked in excess of two hundred and twelve (212) hours in a twenty eight (28) day period if the educational stipend, longevity stipend and EMT stipend had been included in the computation. The parties agree that this formula is consistent with FLSA 29 U.S.C. section 207(k) and 29 C.F.R. 553.230. The amounts due each individual Plaintiff under this paragraph are reflected on Attachment "A" hereto and are incorporated into this Settlement as a material term hereof.

(d)     The Defendant shall pay to each Plaintiff the sum of one thousand ($1,000.00) dollars in addition to any other sums due under this Agreement.

(e)     The Defendant shall pay the Plaintiffs' attorneys fees in the sum of five thousand ($5,000.00) dollars.

2.     **Dismissal:**

Counsel for the respective parties shall submit a Joint Motion to the court seeking approval of the Settlement Agreement and a Stipulation of Dismissal with prejudice. Upon final approval by the court, the amounts due hereunder shall be paid and the claims in the litigation entitled Benting et al. v. Town of Norwell, Untied States District Court, Civil Action No. 10-10334-RWZ, shall then be discussed with prejudice by the filing of the Stipulation of Dismissal in the form annexed hereto as Attachments "B". The Stipulation of Dismissal will state the action is being dismissed with prejudice, each party to bear its own costs.

3.     **Release and Covenant Not to Sue:**

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, individually for themselves and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouses, agents and attorneys do hereby release and discharge the Town of Norwell and its past, present and future officers, elected officials, employees, representatives, attorneys, and agents, hereinafter referred to as "Releasees" or any of them, or and from all suits, claims, demands, interests, costs, including attorneys' fees (except as set forth in this Agreement), expenses, actions and causes of action, rights and liabilities, obligations, promises, agreements, controversies, losses and debts of any nature whatsoever which the Plaintiffs, their heirs, executors, beneficiaries, legal representatives and assigns now have, own or hold or held at any time against the Releasees from the beginning of the world to the date of execution of this Settlement Agreement based upon putative violations of federal or state law, local statute, rule, regulation, or collective bargaining agreement, pertaining to hours of work or payment of wages or overtime including without limitation all

claims that were asserted or could have been asserted in the Pending Action under the Fair Labor Standards Act. This release shall not apply to pending grievances, if any, that are unrelated to the computation of the regular rate or the overtime rate of pay due employees under the collective bargaining agreement or any future grievance that is based on events arising after the date of this Settlement. Further, nothing herein is intended to foreclose either party from making any proposal in negotiations for a successor collective bargaining agreement.

The Plaintiffs further covenant not to sue the Releasees for any and all claims released by this paragraph.

4. **Non Admission:**

This Settlement Agreement is a compromise of disputed claims between the parties hereto. This Settlement Agreement and any of its terms and payment of the consideration herein are not to be construed in any way as an admission of liability of fault, wrong doing of any nature whatever by the Defendant or its representatives. Any and all such liability is hereby expressly denied by the Defendant.

5. **Classification of Payment for Tax Purposes:**

The parties agree all the payments made to each Plaintiff made pursuant paragraphs 1 (a)-(d) above shall be classified as wages and shall be subject to all applicable deductions and withholding which shall be reported on Form W-2.

6. **Use of Agreement:**

This Settlement Agreement may not be used by any party hereto as evidence in any proceeding of any kind except one in which any party alleges a breach of the terms of this Settlement Agreement or in which any party uses this Agreement as a defense to any claim.

7. **Non Reliance and Complete Agreement:**

The parties represent and acknowledge that in executing this Settlement Agreement they do not rely and have not relied upon any representation or statement made by any of the other parties or by any of the other parties' agents, representatives or attorneys with regard to the subject matter, basis of effect of this Settlement Agreement other than as recited hereto. This Agreement contains and constitutes the entire understanding of the parties. This Agreement may not be modified except by a writing signed by an authorized representative of the parties.

8. **Knowing and Voluntary Agreement:**

Plaintiffs agree that they enter into this Agreement knowingly, voluntarily and with full knowledge of its significance and they acknowledge they had an opportunity to consult with an attorney.

9. **Binding Nature:**

This Settlement Agreement, once it is fully executed by all of the parties, shall be binding upon the Plaintiffs and upon Plaintiffs' heirs, administrators, representatives, executors, successors and assigns and shall inure to the benefit of the Defendant, its officers, elected officials, employees, representatives, attorneys and agents. This Settlement Agreement, once it is executed by all of the parties, shall be binding upon the Defendant, its officers, elected officials, employees, representatives, attorneys and agents and shall inure to the benefit of the Plaintiffs.

10. **Law of Situs:**

This Settlement Agreement is made and entered into in the Commonwealth of Massachusetts and shall be interpreted, enforced and governed in all respects under the laws of the Commonwealth. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

IN WITNESS WHEREOF, the parties being fully authorized and empowered to bind the parties to this Agreement, have and executed this Agreement on the date set forth opposite their respective signatures.

| PLAINTIFFS | DEFENDANT TOWN OF NORWELL |
| --- | --- |
| | By its duly theorized agents |
| _____ 9/28/10 <br> Kenneth Benting           Date | _____ 10/6/10 <br> John G. Mariano, Vice Chairman   Date |
| _____ 10/1/10 <br> John Cushing              Date | _____ 10/6/10 <br> Gregg McBride             Date |
| _____ 9/28/2010 <br> Joseph Davis              Date | |
| _____ 9/28/10 <br> (KED) Kenneth Donaghey    Date <br> KEITH | |
| _____ 9/29/10 <br> George Doucette           Date | |

4

_____   9-29-10
Jon Healy                   Date

_____   9-28-10
Steven Jackman              Date

_____   10/1/10
Jeffrey Jacobson            Date

_____   9/29/10
David Kean                  Date

_____   9/29/10
Shane McMahon               Date

_____   9-28-10
Harry Merritt               Date

_____   9/30/10
William Milne               Date

_____   9-28-10
Truong Nguyen               Date

_____   9/28/2010
Jeanne Payne                Date

_____   9·30·2010
Gary Plunkett               Date

_____   10/1/10
Michael Ryan                Date

5

_____  9/25/10
Robert Silva, Sr.                Date

_____  9/28/10
Jeff Simpson                     Date

_____  09/30/2010
Stephen Sweeney                  Date

_____  10/1/2010
Dennis Weber                     Date

F:\Norwell FF\FLSA 10-10334\pldgs\settlementagreement.doc

6

## ATTACHMENT A

| PLAINTIFF | FY 2009 | FY 2010 | PARAGRAPH 1(d) | TOTAL |
|---|---|---|---|---|
| K. Benting | $69.03 | 0 | $1000.00 | $1069.03 |
| J. Cushing | 0 | $310 | $1000.00 | $1310.00 |
| J. Davis | $67.69 | 0 | $1000.00 | $1067.68 |
| K. Donaghey | $984.00 | $720.00 | $1000.00 | $2704.00 |
| G. Doucette | 0 | 0 | $1000.00 | $1000.00 |
| J. Healy | $907.97 | $76.30 | $1000.00 | $1983.97 |
| S. Jackman | 0 | 0 | $1000.00 | $1000.00 |
| J. Jacobson | $1314.56 | 0 | $1000.00 | $2314.56 |
| D. Kean | $162.12 | 0 | $1000.00 | $1162.12 |
| S. McMahon | $1203.89 | $542.21 | $1000.00 | $2746.10 |
| H. Merritt | $80.74 | $220.20 | $1000.00 | $1300.94 |
| B. Milne | $148.12 | $211.60 | $1000.00 | $1359.72 |
| T. Nguyen | $709.80 | $132.60 | $1000.00 | $1842.40 |
| J. Payne | $98.82 | 0 | $1000.00 | $1098.82 |
| G. Plunkett | 0 | 0 | $1000.00 | $1000.00 |
| M. Ryan | $132.60 | 0 | $1000.00 | $1132.60 |
| B. Silva | $137.34 | $114.45 | $1000.00 | $1251.79 |
| J. Simpson | $216.72 | $82.56 | $1000.00 | $1299.28 |
| S. Sweeney | 0 | 0 | $1000.00 | $1000.00 |
| D. Weber | $137.50 | 0 | $1000.00 | $1137.50 |

1147800_1